IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS WARNER JONES      *
aka JEFFREY VICTOR WARNER
aka CHARLES JONES, #171-785      *
        Petitioner,
     *

v.      CIVIL ACTION NO. RDB-06-1510
     *

JOHN A. ROWLEY, ACTING
    COMMISSIONER OF THE DIVISION *
    OF CORRECTIONS, et al.[1]
        Respondents.      *
                      ******

**MEMORANDUM**

Currently confined at the Jessup Correctional Institution, Petitioner Nicholas Warner Jones filed the instant 28 U.S.C. § 2254 habeas corpus application on June 3, 2006, challenging his 1984 convictions and sentences for first degree murder, robbery with a deadly and dangerous weapon, and two counts of using a handgun in the commission of a felony.[2]  Document No. 1 and Document No. 6, Exhibits 4 and 5.  For the reasons set out herein, this Court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

On November 18, 1991, Petitioner filed his first habeas action in this Court.  *See Jones v. Smith*, Civil Action No. BEL-91-3274.  That action was dismissed without prejudice.  *Id*.; *see also* Document No. 6, Exhibit 1.  *Jones v. Smith*, Civil Action No. BEL-03-2364 was decided on the merits and dismissed with prejudice on November 25, 1996.  *Id*.; *see also* Document No. 6, Exhibit

---

[1]  The acting commissioner for the Maryland Division of Corrections currently is John A. Rowley.  He shall be substituted as a proper party Respondent in this case, and Frank C. Sizer, Jr., the former Commissioner of the Maryland Division of Corrections, shall be dismissed..

[2]  Petitioner received a life sentence for the murder conviction and two consecutive twenty-year terms of incarceration for the armed robbery and handgun convictions.  Document No. 6, Exhibits 4 and 5.

2. His third, *Jones v. Corcoran*, Civil Action No. BEL-96-1465, was dismissed as an unauthorized successive petition. *Id.*; *see also* Document 6, Exhibit 3.

Petitioner claims the previous decisions lack judicial effect because in each matter he was not afforded a hearing. Document No. 7. There is, however, no statutory mandate requiring a hearing be held in a federal habeas corpus case. Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner may file this successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

Before this Court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to consider Petitioner's application for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A);[3] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Petitioner has not complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions on the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk shall attach a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

---

[3] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

For the reasons set forth herein, this Court is without jurisdiction to review the instant petition, and accordingly it shall be dismissed.  A separate Order follows.


November 2, 2006                              /s/
      Date                                    RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE